# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

WILLIAM L.,

Petitioner,

v.

JOEL BROTT, ET AL.,

Respondents.

Case No. 26-CV-4609 (MJD)

**ORDER**

**IT IS HEREBY ORDERED THAT** Petitioner's Motion for a Temporary Restraining Order **[Doc. 2]** is **GRANTED as follows:**

1. Respondents are directed to file an answer to the petition for a writ of habeas corpus of Petitioner by **no later than 12:00 noon Central Time, October 28, 2026**, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

2. Respondents' answer should include:

   a. Such **unredacted** affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's

detention in light of the issues raised in the habeas petition, including time, date, and identifying information of officers related to Petitioner's arrest and detention. These documents may be filed under seal, if Respondents feel it is necessary;

b. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims;

c. Respondents' recommendation on whether an evidentiary hearing should be conducted; and

d. Respondents shall state whether any official identified in 8 C.F.R. § 212.5(a) has made the determination described in 8 C.F.R. § 212.5(e)(2)(i) with respect to Petitioner, and if so, when, by whom, and on what basis, **and shall attach any written record of that determination.**

3. If Petitioner intends to file a reply to Respondents' answer, Petitioner must do so by no later than **12:00 noon Central Time October 30, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

**IT IS FURTHER ORDERED THAT:**

4. Petitioner was apprehended within the District of Minnesota by federal officers and immediately placed into federal custody. The habeas petition challenges the legality of that seizure and detention.

   a. This Court finds that its habeas jurisdiction attached at the time of Petitioner's arrest in this District.

   b. That jurisdiction is not defeated by any subsequent decision by Respondents to transfer Petitioner to another state.

   c. Habeas jurisdiction turns on custody and control, not on the Government's unilateral post-seizure movement of the detainee.

   d. The position that jurisdiction lies exclusively in the district to which Respondents transfer a petitioner would permit the Government to determine the forum for judicial review through its own logistics. Federal courts may not be divested of jurisdiction in that manner.

5. Respondents are enjoined from removing Petitioner from the District of Minnesota until a final decision is made on the habeas petition.

6. Respondents are enjoined from removing Petitioner from the United States, or take any step to execute the March 26, 2026 order of removal entered in absentia by the Sterling, Virginia Immigration Court, pending further order of this Court.

7. If Petitioner has already been removed from Minnesota, Respondents are ordered to **immediately** return Petitioner to Minnesota and to the Sherburn County Jail.

8. In the event of an unforeseen circumstance or contingency, and with 72 hours' notice, Respondents may apply to the Court for permission to move Petitioner.

9. This Order takes effect immediately upon entry and shall remain in effect for fourteen (14) days or until further order of the Court, whichever is earlier, unless extended for good cause. Fed. R. Civ. P. 65(b)(2).

Dated: October 25, 2026

s/ Michael J. Davis
Michael J. Davis
United States District Court